## HENRY S. ALBERTS v. FREDERICK STEARNS.

*Contract of employment—Damages—Want of diligence—Estoppel.*

A contract of employment as traveling salesman for one year with a monthly allowance for traveling expenses and a yearly salary to be raised or lowered from a fixed sum according as sales exceeded or fell below a certain amount, was *held* to be sufficiently made out from correspondence in which the plaintiff was engaged on a two

months' trial, to be employed for a year, if satisfactory, on the terms stated,—and from other correspondence, in which, before the period of probation expired, he desired immediate employment, his letter being acknowledged by a clerk of the other party in the latter's name, and he being subsequently recognized and dealt with in various letters, as employed on the terms mentioned.

One who is under a contract of employment for a year and whose engagement is practically terminated by his employer within that period is entitled to such damages as will make him good for the loss of his situation, if he has fully performed his obligation and stands ready to continue to do so.

In an action upon a contract of employment as a salesman at an annual salary of $800 upon an estimate of $15,000 worth of goods sold, it is error, in charging the jury, to assume without evidence, that it was expected that the annual sales would reach $15,000, the parties themselves having practically construed the contract by making and receiving payments in the ratio of these sums on the amount of actual sales.

Where a salesman receives a fixed sum for traveling expenses, and a salary dependent upon the amount of his sales, it is admissible, in an action upon his contract of employment, to show his lack of diligence in reduction or bar of damages.

Expressions of confidence in an employee, based on his own reports, may be shown in an action by him upon his contract of employment, but they do not estop the employer from showing his default, or explaining what he did or neglected.

Error to the Superior Court of Detroit.     (Chipman, J.)
April 11.—April 18.

Assumpsit.     Defendant brings error.     Reversed.

*E. Y. Swift* and *Chas. M. Swift* for appellant.

*Brennan & Donnelly* for appellee.

Campbell, J.   Plaintiff sued defendant for the balance of a year's salary after his discharge during the term of his alleged employment.   In the court below he recovered the full amount claimed, and defendant brings error on two principal grounds: *First*, because he proved no such contract as set up; and *second*, because testimony in defense was shut out.

The contract sued on was set out as an agreement to

employ plaintiff for one year to be a traveling salesman, with an allowance of traveling expenses at $140 a month, and a salary of $800 a year, upon an estimate of $15,000 sales, to be raised or lowered according as sales exceeded or fell short of that sum. The employment was alleged to have begun May 17, 1881, and broken off October 27, 1881. At that time plaintiff had sold goods enough to earn at the rates acted on $127.11, as he figured it up. There then remained between six and seven months of the year.

It appeared from letters in the case that defendant engaged plaintiff on a two-months' trial, to begin May 17, and that if then found satisfactory the employment should be for a year on the basis of former letters—which were substantially as declared on. Before this trial time ran out, plaintiff wrote desiring an immediate employment. This was accepted by a letter from a clerk, which seems to have been without authority. But defendant subsequently, by various letters, recognized and dealt with plaintiff as in his employ on the terms stated, and we have no doubt the contract was sufficiently made out. It is equally certain that there was testimony tending to show that the defendant practically terminated the engagement and did not agree to new terms proposed by plaintiff.

If, therefore, plaintiff had fully performed to date and was ready to perform in the future, he was entitled to such damages as would make him good. But how this amount should be got at is an important consideration.

The construction put upon the contract by the parties was that $800 a year was merely the assumed ratio, and not the actual salary of plaintiff, and he was paid from time to time on sales actually made, which fell very much below $15,000 a year. We think this is what the contract meant, and it is evidently what the parties supposed it meant. We think, therefore, that the instruction which assumed that $15,000 would be the expected annual sales, and $800 the salary for the whole year, was unauthorized. The contract was in substance, as acted on by the parties, the same as if $800 had been entirely omitted except in case sales were made

for the precise amount of $15,000, and the salary made proportioned to the sales on terms nearly similar. There could be no presumption of law or fact that in the remainder of the year plaintiff would have increased the amount of his monthly sales. In the absence of testimony such a probability could not be laid down.

We think it was also erroneous to exclude testimony of plaintiff's lack of diligence. The court below held that he was, by the contract itself, sufficiently mulcted for any such failure by the loss of commissions which he would have gained by larger sales, as practically stipulated damages.

Plaintiff was to receive $140 a month absolutely for traveling expenses. This was to pay him on the basis of continuous active service on defendant's behalf, and failure to perform such service would be a distinct breach of contract which would prevent his suing upon the contract at all, and would leave him to his suit for services actually rendered, and for which there was no considerable sum due. Evidence of his lack of diligence or of his neglect of duty was therefore admissible in reduction or bar of his action. And expressions of confidence in him, based on his own communications, while admissible for what they are worth, would constitute no estoppel against showing his default, or in any way explaining what he did or neglected to do.

Some other questions of minor consequence appear in the record, but not in such a form that we can readily dispose of them.

Judgment must be reversed with costs and new trial granted.

The other Justices concurred.